J-A22014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EMUEL C. HENLEY | : | |
| | : | |
| Appellant | : | No. 930 WDA 2021 |

Appeal from the PCRA Order Entered July 15, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001083-1999

BEFORE: OLSON, J., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.: **FILED: SEPTEMBER 19, 2022**

Appellant, Emuel C. Henley, appeals *pro se* from the order entered on July 15, 2022, which dismissed his serial petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Appellant was convicted of first-degree murder and, on November 16, 2000, the trial court sentenced Appellant to serve the mandatory term of life in prison. This Court affirmed Appellant's judgment of sentence on September 29, 2006; the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on June 25, 2007. **Commonwealth v. Henley**, 909 A.2d 352 (Pa. Super. 2006) (*en banc*), *appeal denied*, 927 A.2d 623 (Pa. 2007).

The PCRA court thoroughly summarized the lengthy procedural posture related to Appellant's PCRA petitions:

---

[*] Retired Senior Judge assigned to the Superior Court.

[Appellant] filed a [timely, first] PCRA petition on October 1, 2007 [and counsel] . . . was appointed to represent [him. However, in November 2009, court-appointed counsel filed a motion to withdraw and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Although the PCRA court initially granted counsel permission to withdraw and dismissed Appellant's PCRA petition, the Pennsylvania Superior Court later vacated the PCRA court's order on May 8, 2012,] due to PCRA counsel's failure to address all issues raised by [Appellant] in his *pro se* PCRA petition. *Commonwealth v. Henley*, 50 A.3d 237 (Pa. Super. 2012). . . .

[Following remand, Appellant filed a *pro se* PCRA petition and the PCRA court appointed new counsel to represent Appellant]. On December 14, 2016, the PCRA court entered an order directing [Appellant to] file an amended PCRA petition within 30 days and [that] "[f]ailure to do so will result in dismissal of the Petition without a hearing." . . . [Appellant did not file the amended petition as directed and, on February 6, 2017, the PCRA court finally dismissed Appellant's first PCRA petition. PCRA Court Order, 2/6/17, at 1-2]. . . .

On February 28, 2017, [Appellant] filed Objections to Court Order Dismissing [PCRA] Appeal in which he alleged that counsel was ineffective for not filing an amended PCRA petition and sought restoration of [his] PCRA rights and [the] appointment of new counsel. [The PCRA court denied this petition and Appellant did not file a notice of appeal from the PCRA court's order. *See*, *e.g.*, PCRA Court Order, 6/14/19, at 1-2]. On March 1, 2017, [Appellant] filed the same application in the Superior Court at 21 WDM 2017. On March 10, 2017, the Superior Court denied the application as there was no pending appeal and did not have jurisdiction. . . .

On May 17, 2018 [Appellant] filed a Motion for Statement in Absence of Transcript. On December 7, 2018, [Appellant] filed a Motion to Receive New Counsel and Restore Appellate Rights and Have Ruling on Motion for Statement in Absence of Transcript which was denied by order dated February 19, 2019. [Again, Appellant did not file a notice of appeal from the PCRA court's denial order]. . . .

On March 8, 2019, [Appellant], filed Objections to Court Order. On March 29, 2019, [Appellant] filed a Motion for Ineffective Assistance of Counsel. On June 6, 2019, [Appellant] filed Objections to Court Order Dismissing [PCRA] Appeal regarding the Order dated February 6, 2017. On June 13, 2019, the objections were overruled [and Appellant did not file a notice of appeal from the PCRA court's order]. . . .

On June 24 and July 1, 2019 [Appellant] again filed applications for relief in the Superior Court at 21 WDM 2017 that were denied on June 28, and July 3, respectively. [Appellant's] notice of appeal which he filed with the Superior Court with his July 1, 2019 application was forwarded to the [PCRA] court for processing and was docketed at 1048 WDA 2019 on July 17, 2019. The [PCRA] court filed an opinion on July 29, 2019 finding the appeal untimely and the appeal was subsequently quashed as untimely by the Superior Court on October 10, 2019. [*See* Order, 1048 WDA 2019, at 1].

On July 15, 2019[, Appellant] filed a *pro se* PCRA petition and on October 8, 2019 an amended PCRA petition, which are the petitions that are the subject of this appeal. . . . [These petitions constitute serial petitions for post-conviction collateral relief under the PCRA]. On September 29, 2020, [the PCRA] court issued a notice of intent to dismiss [the] PCRA [petition]. On October 19, 2020, [Appellant filed a *pro se*] response to the notice of intent to dismiss. . . .

[O]n March 2, 2021, counsel was appointed to review this matter further on behalf of [Appellant]. Counsel filed a motion to withdraw and [a] ***Turner/Finley*** [no-merit] letter and brief on March 22, 2021[,] to which [Appellant] filed objections on April 19, 2021. . . .

On June 29, 2021 following review of the entire record[, the PCRA court issued an order that granted counsel's motion for leave to withdraw and notified Appellant that it intended to dismiss his serial PCRA petition in 20 days, without holding a hearing. ***See*** PCRA Court Order, 6/29/21, at 1; ***see also*** Pa.R.Crim.P. 907(1). The PCRA court finally dismissed Appellant's PCRA petition on July 15, 2021 and Appellant filed a timely notice of appeal].

PCRA Court Opinion, 12/31/21, at 9-14 (some capitalization omitted).

On appeal, Appellant claims that we must vacate the PCRA court's dismissal order because: 1) Appellant did not receive a copy of the PCRA court's Rule 907 notice of intent to dismiss; 2) the PCRA court erred when it "adopt[ed] appointed counsel's *Turner/Finley* 'no merit' letter;" and 3) the PCRA court erred when it concluded that Appellant's 23 substantive issues "are without merit and do not warrant PCRA relief." Appellant's Brief at 4 (some capitalization omitted). Appellant's claims fail and the PCRA court properly dismissed Appellant's patently untimely, serial PCRA petition.

We "review an order granting or denying PCRA relief to determine whether the PCRA court's decision is supported by evidence of record and whether its decision is free from legal error." *Commonwealth v. Liebel*, 825 A.2d 630, 632 (Pa. 2003).

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." *Commonwealth v. McKeever*, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we are able to consider any of the underlying claims. *Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> All PCRA petitions including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final. The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.

***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (quotation marks, citations, and brackets omitted). "Because the timeliness [of a PCRA petition] implicates our jurisdiction, we may consider the matter *sua sponte*." ***Yarris***, 731 A.2d at 587.

This Court affirmed Appellant's judgment of sentence on September 29, 2006 and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on June 25, 2007. Therefore, Appellant's judgment of sentence became final for purposes of the PCRA at the end of the day on September 25, 2007, which was 90 days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal and Appellant's time for filing a petition for writ of *certiorari* to the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3) ("A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States . . . , or at the expiration of time for seeking the review"); ***see also*** U.S.Sup.Ct.R. 13.1. Under the terms of the PCRA, Appellant thus had until September 25, 2008 to file a timely PCRA petition. 42 Pa.C.S.A. § 9545(b)(1). As Appellant did not file his current petition until July 15, 2019, the current petition is manifestly untimely and the burden thus

fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case.[1] *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Here, Appellant did not even attempt to plead a valid statutory exception to the PCRA's one-year time-bar. Thus, since Appellant's PCRA petition is manifestly untimely and Appellant did not plead any of the statutory exceptions to the one-year time-bar, our "courts are without jurisdiction to offer [Appellant] any form of relief."[2] *Commonwealth v. Jackson*, 30 A.3d

_____

[1] As explained above, the PCRA court dismissed Appellant's first PCRA petition on February 6, 2017 and, on October 10, 2019, this Court quashed, as untimely, Appellant's appeal from the PCRA court's February 6, 2017 order. *See* Order, 1048 WDA 2019, at 1. Therefore, Appellant's July 15, 2019 petition is a serial petition under the PCRA.

[2] Although Appellant claims that he did not receive a copy of the PCRA court's Rule 907 notice of intent to dismiss, this Court has held that a PCRA court's "failure to issue [the mandatory] Rule 907 notice is not reversible error where the record is clear that the petition is untimely." *Commonwealth v. Zeigler*, 148 A.3d 849, 851 n.2 (Pa. Super. 2016); *see also Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013), *citing Commonwealth v. Pursell*, 749 A.2d 911, 917 n.7 (Pa. 2000) (holding that, where the PCRA court failed to provide the petitioner with a notice of intent to dismiss the petition, "we will not provide [the petitioner] with relief on this issue as our independent review has determined that [the petitioner] failed to invoke the jurisdiction of the [PCRA] court by failing to plead and prove the applicability of the timeliness exceptions contained in 42 Pa.C.S. § 9545(b)(1)(i)–(iii)"). In the case at bar, Appellant did not plead or prove any of the timeliness

516, 523 (Pa. Super. 2011). We, therefore, affirm the PCRA court's order, which dismissed Appellant's PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2022

---

exceptions to the one-year time-bar. Therefore, Appellant is not entitled to a remand for the issuance of a new Rule 907 notice.